# EXHIBIT B

# EXHIBIT B

COMP
JEFFREY L. GALLIHER, ESQ.
Nevada Bar No. 8078
HAM GALLIHER, LLP
550 East Charleston Blvd., Suite B
Las Vegas, Nevada 89104
*Attorneys for Plaintiffs*

FILED

MAY 13   3 47 PM '08

CD.J. ARS
CLERK OF THE COURT

OFFICE OF THE ATTORNEY GENERAL
CARSON CITY, NEVADA

MAY 3 0 2008

BUREAU OF PUBLIC AFFAIRS
PUBLIC SAFETY DIVISION

DISTRICT COURT

CLARK COUNTY, NEVADA

*    *    *

HELEN JANE ROMERO, as special
administratrix of the estate of Anthony
Gilbert Beltran, deceased; HELEN JANE
ROMERO, as Guardian ad Litem for
ANTHONY G. BELTRAN, JR., a minor
child, as heir to Anthony Gilbert Beltran;
BRITNIE NICOLE BELTRAN, a minor
child, as heir to Anthony Gilbert Beltran and
CHRISTIAN LEO CLIFFORD BELTRAN, a
minor child, as heir to Anthony Gilbert
Beltran,

     Plaintiffs,

vs.

NEVADA DEPARTMENT OF
CORRECTIONS, a political subdivision of
the State of Nevada; E.K MCDANIEL,
individually and in his official capacity,
GLEN WHORTON, individually and in his
official capacity, TRENT HOWES,
individually and in his official capacity,
JASON STOLK, individually and in his
official capacity; THERESA LANDON,
individually and in her official capacity; OFC.
OTERO, individually and in his official
capacity; "CASEWORKER" DRAIN,
individually and in his official capacity;
"COUNSELOR" R. CANDLISS, individually
and in his official capacity;  DOES I - X
inclusive; and, ROES I - X inclusive,

     Defendants.

Case No.:    A546038
Dept. No.:   XII

**COMPLAINT**

HELEN JANE ROMERO as Special Administratrix of the Estate of Anthony Gilbert Beltran

(deceased), HELEN JANE ROMERO as Guardian ad Litem for ANTHONY G. BELTRAN JR.,

HAM GALLIHER, LLP
550 East Charleston Blvd., Suite B
Las Vegas, Nevada 89104
Tel (702) 474-6999
Fax (702) 474-6996

1   BRITNIE NICOLE BELTRAN, and CHRISTIAN LEO CLIFFORD BELTRAN, (hereinafter

2   "Plaintiffs") by and through their counsel of record, the law firm of HAM GALLIHER, LLP, hereby

3   sets forth their Complaint as follows:

## I.

### JURISDICTION AND VENUE

6       1       At all times relevant hereto, all Plaintiffs are and were residents of San Bernardino

7   County, California.

8       2.      At all times relevant hereto, NEVADA DEPARTMENT OF CORRECTIONS was

9   a political subdivision of the State of Nevada and owns and/or operates penal correctional facilities

10  within Nevada including the Ely State Prison.

11      3.      At all times relevant hereto, E.K. MCDANIEL was and is the Warden of Ely State

12  Prison and Ely Conservation Camp.

13      4.      At all times relevant hereto, GLEN WHORTON was Director of the Nevada

14  Department of Corrections.

15      5.      At all times relevant hereto, TRENT HOWES was and is a corrections officer

16  employed by the Nevada Department of Corrections at Ely State Prison.

17      6.      At all times relevant hereto, JASON STOLK was and is a corrections officer

18  employed by the Nevada Department of Corrections at Ely State Prison.

19      7.      At all times relevant hereto, THERESA LANDON was a corrections officer

20  employed by the Nevada Department of Corrections at Ely State Prison.

21      8.      At all times relevant hereto, "Officer" OTERO was and is a corrections officer

22  employed by the Nevada Department of Corrections at Ely State Prison.

23      9.      At all times relevant hereto, "Caseworker" DRAIN was and is an inmate caseworker

24  employed by the Nevada Department of Corrections at Ely State Prison.

25      10.     At all times relevant hereto, "Counselor" R. CANDLISS was and is an inmate

26  counselor/caseworker employed by the Nevada Department of Corrections at Ely State Prison.

27      11.     The true names and capacities, whether individual, corporate, associate, or otherwise,

28  of Defendants named herein as DOES 1 through 10, inclusive, and ROES 1 through 10, inclusive,

HAM GALLIHER, LLP
550 East Charleston Blvd., Suite B
Las Vegas, Nevada 89104
Tel (702) 474-6999
Fax (702) 474-6998

1   are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names; Plaintiffs are

2   informed and believe and thereupon allege that each of the Defendants designated herein as DOE

3   and ROE are responsible in some manner for the events and happenings referred to, and caused

4   damages proximately to Plaintiffs as herein alleged, and Plaintiffs will ask leave of the Court to

5   amend the First Amended Complaint to insert the true names and capacities of DOES 1 through 10,

6   inclusive, and ROES 1 through 10, inclusive, when the same have been ascertained, and to join such

7   Defendants in this action.

8       12.    Jurisdiction and venue are proper as this action arises out of an Incident that took

9   place in White Pine County, Nevada.

10                                              II.

11                              **GENERAL ALLEGATIONS**

12      13.    That Ely State Prison is a penal detention facility operated by the Nevada Department

13  of Corrections (hereinafter "NDOC"). The NDOC is a political subdivision of the State of Nevada

14  and employs officers and/or deputies whose duties include supervision and execution of all

15  operational duties at Ely State Prison.

16      14.    Opened in 1989, Ely State Prison is a maximum security prison consisting of

17  operations and support buildings and four (4) buildings containing housing units. Inmates should

18  be assigned to units and cells depending upon the inmate's sentence structure, institutional behavior

19  and disciplinary records.

20      15.    That due to prison overcrowding the Nevada Department of Corrections, through

21  Defendants GLEN WHORTON and E.K. MCDANIEL, instituted a policy of "double bunking"

22  inmates, or placing two inmates into one cell, at Ely State Prison.

23      16.    That on or about December 20, 2006, Anthony Gilbert Beltran, deceased, (hereinafter

24  "Beltran") was incarcerated at the Ely State Prison. Beltran was placed in a cell with Douglas Potter

25  (hereinafter "Potter").

26      17.    That inmate Potter had previously been charged of Battery of a Prisoner and had

27  informed prison officials on numerous previous occasions that he would severely injure any inmate

28  "double bunked" with him.

Page 3 of 7

HAM GALLIHER, LLP
550 East Charleston Blvd., Suite B
Las Vegas, Nevada 89104
Tel (702) 474-4999
Fax (702) 474-6998

18.     That on the morning of December 28, 2006, at approximately 8:10 a.m., defendant TRENT HOWES was preparing to take Beltran and Potter to the showers. Officer Howes, standing outside the locked cell, handcuffed Beltran's hands through the foodslot in the cell door. As soon as Beltran was completely restrained with the handcuffs, Potter ran from the back of the cell and began striking Beltran on the right side of his body with what appeared to be a silver colored bar.

19.     At approximately 8:15 a.m., Officer Howes, Officer Stolk and other responding staff members entered the cell. Beltran was moved out of the cell into the corridor.

20.     Beltran was found to be without a pulse and unresponsive. Beltran was transported to the facility's infirmary. Beltran did not respond to resuscitation attempts. All attempts to resuscitate Beltran were discontinued at approximately 8:48 a.m.

21.     On December 28, 2006, Beltran's body was transported to the Washoe County Coroners Office. An autopsy was conducted on December 29, 2006. Beltran was found to have fourteen (14) puncture wounds to the trunk, resulting in puncture wounds to the right lung, heart, aorta and liver. The cause of death was determined to be multiple puncture wounds to the trunk and internal organs.

22.     That Beltran is survived by his mother, Helen Jane Romero and his three children, Anthony G. Beltran, Jr., Britnie Nicole Beltran, and Christian Leo Clifford Beltran,

### III.

### FIRST CAUSE OF ACTION
#### (Violation of 42 U.S.C. § 1983 against all Defendants)

23.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 of the Complaint and hereby incorporates the same as though fully set forth herein.

24.     That Beltran was an inmate of the Ely State Prison on or about December 28, 2006.

25.     That Ely State Prison is controlled and operated by the Nevada Department of Corrections, a political subdivision of the state of Nevada, and the actions of Defendants alleged herein were conducted under the color of law.

26.     That Beltran's Constitutional rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution were violated when Defendants dangerously double-bunked inmates at the Ely State Prison and failed to protect Beltran.

HAM GALLIHER, LLP
550 East Charleston Blvd., Suite B
Las Vegas, Nevada 89104
Tel (702) 474-6999
Fax (702) 474-6998

1    27.    That inmates were placed into cells together without regard to the inmate's sentence
2  structure, institutional behavior and/or disciplinary records resulting in dangerous conditions for
3  inmates, including Beltran, and prison personnel.

4    28.    That Defendants, in deliberate disregard of Beltran's constitutional rights, placed
5  Beltran into a cell with an inmate known to be violent and who had specifically threatened the life
6  of any inmate placed within that cell.

7    29.    That on or about December 28, 2006, Beltran was violently attacked by Potter.

8    30.    That, as a result of the attack, Beltran suffered extensive and severe injuries that
9  resulted in his death.

10    31.    That Defendants were deliberately indifferent to the needs of prison inmates,
11  including Beltran, regarding the conditions of confinement. Defendants knowingly and purposely
12  placed Beltran into a prison cell with Potter; an inmate known to be violent and who had previously
13  threatened violence of the exact nature inflicted upon Beltran.

14    32.    That some of Defendants unconstitutional practices, policies, regulations or customs
15  include: 1) deliberate indifference when "double bunking" cells without regard to sentence structure,
16  institutional behavior and the disciplinary records of inmates; 2) "double bunking" cells containing
17  inmates that have threatened violence upon other inmates; 3) taking an unreasonably long time to
18  enter an inmate's cell to render emergency medical care; 4) failing to protect restrained inmates from
19  violent attacks.

20    33.    That the unconstitutional practices, policies, regulations or customs of the Defendants
21  were the direct cause of Beltran's injuries, pain and untimely death.

22    34.    That Plaintiffs herein are entitled to general and special damages in an amount in
23  excess of $10,000.00. Furthermore, due to the Defendants deliberate indifference to Defendants'
24  obligation to protect Beltran, Plaintiffs are entitled to punitive damages to the extent allowed by law.

25    35.    That it has become necessary for Plaintiffs to retain the services of an attorney to
26  pursue this action and Plaintiffs are entitled to an award of reasonable attorney's fees and costs in
27  prosecuting this action.

28    . . .

**IV.**

**SECOND CAUSE OF ACTION**
(NRS. 41.085;  Claims for Wrongful Death against all Defendants)

36.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 35 of the Complaint and hereby incorporates the same as though fully set forth herein.

37.     That Defendants acted with willful misconduct and/or gross negligence, which was the direct and proximate cause of Beltran's untimely death on December 28, 2006.

38.     That Defendants purposely and knowingly placed Beltran into a cell with Potter; an inmate known to be violent and who, on numerous occasions, had threatened continued violence of the exact nature inflicted upon Beltran.

39.     That Defendants are liable to Beltran's estate and Beltran's heirs pursuant to NRS. 41.085.

40.     That Plaintiffs herein are entitled to general and special damages in an amount in excess of $10,000.00.  Furthermore, Defendants actions were willful, wanton and reckless and therefore liable for exemplary and punitive damages pursuant to NRS. 41.085(5)(b).

41.     It has become necessary for Plaintiffs to retain the services of an attorney to pursue this action and Plaintiffs are entitled to an award of reasonable attorney's fees and costs in prosecuting this action.

**V.**

**THIRD CAUSE OF ACTION**
(Negligent Training, Supervision and Retention against the Nevada Department of Corrections)

42.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 41 of the Complaint and hereby incorporates the same as though fully set forth herein.

43.     That an employer has a duty to use reasonable care in the training, supervision and retention of its employees to make sure that those employees are fit for their positions.

44.     That the NDOC failed to use reasonable care in the training and supervision of its employees charged with the administration of inmate conditions of confinement and operations related to control and handling of a violent inmate.

HAM GALLIHER, LLP
550 East Charleston Blvd., Suite B
Las Vegas, Nevada 89104
Tel (702) 474-6999
Fax (702) 474-6998

45.     That the NDOC failed to use reasonable care in the training and supervision of its employees with regard to the policy of "double bunking" violent inmates based upon sentence structure, institutional behavior and disciplinary records.

46.     That Plaintiffs herein are entitled to general and special damages in an amount in excess of $10,000.00. Furthermore, due to the Defendants deliberate indifference with respect to its obligation to protect Beltran, Plaintiffs are entitled to punitive damages to the extent allowed by law.

47.     That it has become necessary for Plaintiffs to retain the services of an attorney to pursue this action and Plaintiffs are entitled to an award of reasonable attorney's fees and costs in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs expressly reserving their right to amend this Complaint at the time of, or prior to trial, prays for judgment against Defendants as follows:

1.     For special, general and compensatory damages against Defendants individually, jointly and severally in excess of $10,000 in an amount to be proved at trial;

2.     For exemplary and punitive damages in an amount to be proved at trial;

3.     For attorney's fees and costs of suit incurred herein;

4.     For all applicable interest; and

5.     For such other and further relief that this Court deems just and proper;

DATED this ___ day of May, 2008.

HAM GALLIHER, LLP

By:_____
JEFFREY L. GALLIHER, ESQ.
Nevada Bar No. 8078
550 East Charleston Blvd., Suite B
Las Vegas, Nevada 89104
*Attorneys for Plaintiffs*

Page 7 of 7

HAM GALLIHER, LLP
550 East Charleston Blvd., Suite B
Las Vegas, Nevada 89104
Tel (702) 474-6999
Fax (702) 474-6998